UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MID-CONTINENT CASUALTY COMPANY, a foreign corporation,

    Plaintiff,

v.                                         Case No: 2:16-cv-819-FtM-99MRM

VAN EMMERIK CUSTOM HOMES, INC., a Florida corporation, PRIYAJEEV TRIKA, an individual, and JULIE TRIKA, an individual,

    Defendants.

_____

**OPINION AND ORDER**

This matter comes before the Court on defendant Van Emmerik Custom Homes, Inc.'s Motion to Dismiss, or Alternatively, Stay and Abate (Doc. #29) filed on January 9, 2017.  Mid-Continent Casualty Company's Response in Opposition (Doc. #31) was filed on January 18, 2017, to which defendant replied (Doc. #34).  For the reasons set forth below, the motion is denied.

**I.**

In this insurance coverage dispute, plaintiff-insurer Mid-Continent Casualty Company (MCC) seeks a declaratory judgment that it has no duty to indemnify defendant-insured Van Emmerik Custom Homes, Inc. (Van Emmerik) for claims asserted in a currently pending state-court lawsuit brought by Priyajeev and Julie Trika,

styled Priyajeev Trika v. Van Emmerik Custom Homes, Inc., No. 2015-CA-1554 (the "Trika action"). In particular, MCC seeks a declaratory judgment that certain property exclusions apply and thus, MCC has no duty to indemnify Van Emmerik for the claims the Trikas asserted against it. (Doc. #29.) MCC seeks no relief regarding its duty to defend.

In support of dismissal, Van Emmerik's argues that because there has been no adjudication of liability against Van Emmerik in the Trika action, this case should be either dismissed or stayed until the state court allocates liability. Until that time, Van Emmerik argues, no actual controversy exists in which the Court can declare the parties' rights. Alternatively, Van Emmerik argues that if there is an actual controversy, the Court should exercise its discretion to abstain from considering the indemnity issue. MCC argues the contrary.

## II.

At issue in this matter are claims arising out of the construction of a single-family residential property in Naples, Florida (the "Property"), for which Van Emmerik was the general contractor. After the work was complete, the Trikas allegedly discovered construction defects and deficiencies, and filed the Trika action in the Circuit Court of Collier County, Florida, alleging breach of contract, breach of warranty, and negligence. The Trikas are currently proceeding in state court on an amended

complaint filed on April 27, 2016, seeking to recover from Van Emmerik, among others, for damages.  (Doc. #28-2.)

Pertinent here, MCC issued three contracts of insurance to Van Emmerik: (1) Policy no. 04-GL-000853209, effective July 2, 2012 through July 5, 2013; (2) Policy No. 04-GL-000879985, effective July 5, 2013 through July 5, 2014; and (3) Policy No. 04-GL-000907129, effective July 5, 2014 through July 5, 2015 (collectively, the Policies).  (Doc. #28-1.)  On May 3, 2016, Van Emmerik tendered the underlying action to MCC, seeking defense and indemnity, and MCC is currently defending Van Emmerik under the terms of the Policies, subject to a complete reservation of rights.

### III.

The Declaratory Judgment Act grants federal courts the discretion to "declare the rights and other legal relations of any interested party seeking such declaration."  28 U.S.C. § 2201(a).  Under the Declaratory Judgment Act this Court has discretion to rule on an actual controversy but is "under no compulsion to exercise ... jurisdiction."  Brillhart v. Excess Ins. Co., 316 U.S. 491, 494 (1942).  The Court has "unique and substantial discretion in deciding whether to declare the rights of litigants," as the Act "confers a discretion on the courts rather than an absolute right on the litigants."  Wilton v. Seven Falls Co., 515 U.S. 277, 286-87 (1995).  The grounds for a federal court to stay a declaratory judgment action pending a related state proceeding

are those adopted in Brillhart, 316 U.S. 491, reaffirmed in Wilton, 515 U.S. 277, and then elaborated upon by the Eleventh Circuit in Ameritas Variable Life Ins. Co. v. Roach, 411 F.3d 1328 (11th Cir. 2005).

Under the Wilton-Brillhart Abstention Doctrine, both the Eleventh Circuit and Supreme Court have cautioned against a district court exercising its jurisdiction over a declaratory judgment action when "another suit is pending in a state court [1] presenting the *same* issues, [2] not governed by federal law, [3] between the *same* parties." Ameritas, 411 F.3d at 1330 (emphasis added) (quoting Brillhart, 316 U.S. at 495). If a suit presents these components, the Eleventh Circuit has provided a non-exhaustive list of factors for district courts to consider when determining whether to exercise jurisdiction over such a suit. Id. at 1331.[1]

---

[1] These factors are "(1) the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts; (2) whether the judgment in the federal declaratory action would settle the controversy; (3) whether the federal declaratory action would serve a useful purpose in clarifying the legal relations at issue; (4) whether the declaratory remedy is being used merely for the purpose of 'procedural fencing' – that is, to provide an arena for a race for *res judicata* or to achieve a federal hearing in a case otherwise not removable; (5) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction; (6) whether there is an alternative remedy that is better or more effective; (7) whether the underlying factual issues are important to an informed resolution of the case; (8) whether the state trial court is in a better position to evaluate those factual issues than is the

Here, the Trika action does not involve the same parties or issues as this federal action. Although Van Emmerik and the Trikas are both parties to the state action, MCC is not a party, and the state court will not be called upon to decide any of the issues posed by MCC in this case. This declaratory judgment action deals with questions of insurance contract law, while the state court case deals with questions of common-law contract and tort law. Thus, the Court need not engage in analyzing the nine Ameritas factors in deciding whether to exercise jurisdiction. See also Am. Economy Ins. Co. v. Traylor/Wolfe Architects, Inc., Case No. 3:12-cv-1094-J-32JBT, 2014 WL 3867642 (M.D. Fla. Aug. 6, 2014). Because the underlying state court action does not involve the same parties or present the same issues, the Court will exercise its discretion and allow MCC's claim to proceed in this separate federal declaratory action.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. Defendant Van Emmerik Custom Homes, Inc.'s Motion to Dismiss, or Alternatively, Stay and Abate (Doc. #29) is **DENIED.**

---

federal court; and (9) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action." Ameritas, 411 F.3d at 1331.

2.  Defendant Van Emmerik Custom Homes, Inc.'s Motion to Dismiss, or Alternatively, Stay and Abate (Doc. #27) is **DENIED AS MOOT** since an Amended Complaint (Doc. #28) was filed.

**DONE and ORDERED** at Fort Myers, Florida, this __22nd__ day of February, 2017.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record