UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MID-CONTINENT CASUALTY
COMPANY, a foreign corporation

      Plaintiff,

v.                                   Case No:   2:16-cv-819-FtM-99MRM

VAN EMMERIK CUSTOM HOMES,
INC., PRIYAJEEV TRIKA and JULIE
TRIKA,

      Defendants.

_____/

**REPORT AND RECOMMENDATION**

Pending before the Court is the Application for Clerk's Default Against Van Emmerik Custom Homes, Inc. (Doc. 45) filed on June 9, 2017.  Plaintiff Mid-Continent Casualty Company requests that the Court enter a default against Defendant Van Emmerik Custom Homes, Inc. ("Van Emmerik") for failing to respond to the Order to Show Cause (Doc. 44) filed on May 25, 2017.

Procedurally, on April 26, 2017, the Court entered an Order (Doc. 42), allowing counsel for Van Emmerik to withdraw.  (Doc. 42 at 2).  The Court allowed Van Emmerik twenty-one (21) days in which to retain new counsel and have new counsel file a notice of appearance.  (*Id.*). The Court explained that pursuant to 28 U.S.C. § 1654, a party may appear and conduct their own cases personally.  However, a lay person is not permitted to represent any other person or entity.  *See U.S. ex rel. Stronstorff v. Blake Med. Ctr.*, No. 8:01-CV-844-T23MSS, 2003 WL 21004734, at *1 (M.D. Fla. Feb. 13, 2003).  Non-natural persons or artificial entities such as corporations, partnerships, and associations, may appear in federal court only through licensed counsel.  *Id.* (citing *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201-02 (1993)); *see also*,

M.D. Fla. R. 2.03(e).  Therefore, the Court required Van Emmerik to retain counsel to represent it.  (*See* Doc. 42 at1-2).  In addition, the Court cautioned Van Emmerik that if it failed to retain counsel and no notice of appearance was filed, then the Court would recommend that a default be entered against it.  (*Id.* at 2).  This deadline lapsed and no notice of appearance was filed on behalf of Van Emmerik.

On May 25, 2017, the Court entered an Order to Show Cause (Doc. 44), allowing Van Emmerik one last opportunity to show good cause why a default should not be entered against it for failing to retain counsel.  (Doc. 14 at 1).  The Court allowed Van Emmerik an additional fourteen (14) days in which to retain counsel and have counsel file a notice of appearance on behalf of Van Emmerik.  (*Id.* at 2).  Again, the Court cautioned Van Emmerik that if no notice of appearance was filed within this time period, the Court would recommend that a default be entered against it.  (*Id.*).  This deadline lapsed and no notice of appearance was filed on behalf of Van Emmerik.  Mid-Continent Casualty Company filed an Application for Clerk's Default (Doc. 45) due to the lack of response by Van Emmerik to the Order to Show Cause.  (*See* Doc. 45 at 1-2).

As a corporation, Van Emmerik must be represented by counsel in this action.  *See* M.D. Fla. R. 2.03(e).  Van Emmerik failed to retain counsel after counsel for the corporation withdrew. In the Order (Doc. 42) and the Order to Show Cause (Doc. 44), the Court cautioned Van Emmerik that if it did not retain counsel within the time periods provided, the Court would recommend that a default be entered against it.  Van Emmerik failed to retain counsel and failed to respond to the Order to Show Cause.  Therefore, the Court recommends that a default be entered against Van Emmerik Custom Homes, Inc.

Accordingly, it is **RESPECTFULLY RECOMMENDED** that:

1)  The Application for Clerk's Default Against Van Emmerik Custom Homes, Inc. (Doc. 45) be **GRANTED.**

2)  The Clerk of Court be directed to enter a default against Van Emmerik Custom Homes, Inc. for failing to retain counsel and for failing to comply with Court Orders.

Respectfully recommended in Chambers in Ft. Myers, Florida on June 29, 2017.

_____

MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

## <u>NOTICE TO PARTIES</u>

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

Copies furnished to:

Counsel of Record
Unrepresented Parties